HARDY, Judge.
This is a suit against defendant, J. C. Penney Company and its liability insurer. Plaintiff seeks' to recover damages resulting from a fall sustained in the Penney Company store at or about 1:00 o’clock P. M. on April 21, 1951. Plaintiff’s injuries consisted of the fracture of the second metatarsal bone of the left foot, necessitating the application of a cast. Plaintiff made several allegations of negligence directed at the defendant company, specifically; that said company was negligent in failing to maintain sufficient room in front of the elevator for the purpose of safely accommodating the necessary traffic; locating a counter with sharp rather than rounded corners in a position too near the elevator; waxing the floors till they were so slippery as to be dangerous, and negligently leaving a nail protruding from the' floor. The answer was a general denial in the course of which defendant averred that plaintiff’s fall was not due to any fault or negligence on the part of the agents or employees of J. C. Penney Company, nor to any of the conditions alleged to exist by plaintiff, but was caused by the fact that plaintiff’s ankle turned or in some manner gave way, beneath her.
After trial there was judgment rejecting plaintiff’s demands. The conclusion of the District Judge, expressed in an oral opinion theretofore rendered, was set forth in the judgment in these words:
“ * * * that no negligence was proved on the part of J. C. - Penney Company, Inc., its agents or employees and that the accident that is the subject of this suit was due to plaintiff’s left ankle having turned or in some other manner having given way beneath her* * * "
Plaintiff has appealed from the adverse judgment.
This case involves questions of fact only, and brief of counsel for plaintiff contains no citations of law save with respect to the quantum.
At the hour and on the date set *forth plaintiff was shopping in the defendant Penney Company’s store. As she hurried toward the elevator on the first floor level, at a point in the near vicinity thereto, she fell to the floor. Plaintiff was not at once aware that she had sustained a serious injury and, in fact, insisted that she was not hurt. Later in the afternoon she suffered such pain and inconvenience in the attempt to walk that she visited the North Louisiana Sanitarium for examination, in the course of which x-rays disclosed a fracture of her left foot.
Plaintiff is the only witness in her own behalf with respect to the circumstances surrounding the incident, which is the basis of this action. She testified that as she made her way -to the elevator she struck a sharp projecting corner of a counter some six feet from the elevator door and that the blow caused her to slide or to lose her footing on the slippery, freshly oiled and waxéd floor, and ’ that her foot turned or doubled under her, causing her to fall forcefully to the floor. Plaintiff did not *242 testify that her foot caught on anything, although a projecting nail was alleged to have had some connection with the accident. Certain significant, and we think material, facts were developed during the course of plaintiff’s examination, namely that she had on two previous occasions sustained an accident to her foot and ankle. Plaintiff testified that she had sustained a fall on the steps of her home in October of 1950, and sometime in the month of November . following she suffered another fall caused by slipping on some ice on the floor of her home.
Plaintiff’s version of the accident was sharply controverted by two eye witnesses, employees of the defendant, Penney Company. These witnesses testified that plaintiff was hurrying to catch the elevator on •the first floor when her left leg appeared to give way and she fell. They positively denied that there was any collision with the projecting corner of the merchandise counter near the elevator, and further denied that there was any crowd present at the time, or that there was any external contributing factor of any nature. The testimony of these witnesses is buttressed by the testimony of others who came upon the scene of the accident almost immediately after it occurred.
Plaintiff further testified that at the time of the accident she was wearing sandals which laced about the ankle and which were open from toe to heel, being held to the foot by a strap immediately over the toes, and that the heels, were of moderate width and height. This testimony is again contradicted by other witnesses who described the heels as being from two and three-quarters to three and one-half inches in height and rather narrow in width.
It appears perfectly clear to- us that plaintiff has failed to establish by any sort of acceptable evidence any negligence on the part of defendant, Penney Company. The several charges of negligence which were made in her petition, some of which she attempted to sustain by her own testimony, are clearly without merit. We are in complete accord with the finding of the District Judge, above stated in this opinion, fixing the cause of the accident. The only possible, reasonable and logical conclusion is that plaintiff’s left foot and ankle, weakened by previous falls, suddenly gave way as she hurried toward the elevator causing her to be precipitated.to the floor, with the resulting injury.
The judgment appealed from' is correct and accordingly it is affirmed at appellant’s cost.